NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 17-30020 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00279-EJL-1 |
| v. | |
| JEREMY J. BOHLMAN, AKA Jeremy Joseph Bottleman, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 7, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[**] District Judge.

Jeremy Bohlman ("Bohlman") appeals his jury conviction of one count of aggravated sexual abuse in Indian Country and one count of sexual abuse in Indian Country for the rape of his adult half-sister.  Bohlman argues on appeal that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

district court abused its discretion when it (1) allowed the Government to introduce at trial the fact of Bohlman's prior conviction for sexual abuse of a minor pursuant to Federal Rules of Evidence 401, 402, 403 and 413; and (2) precluded evidence of the victim's consensual sexual activity with a third party within twenty-four hours after the alleged rape pursuant to Federal Rules of Evidence 403 and 412. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We review a district court's evidentiary rulings for abuse of discretion. *United States v. Hayat*, 710 F.3d 875, 893 (9th Cir. 2013). Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). We have explained that a district court deciding whether to admit evidence under the related Rule 414 should consider:

> (1) "the similarity of the prior acts to the acts charged,"
> (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence or lack of intervening circumstances," and (5) "the necessity of [the] evidence beyond the testimonies already offered at trial."

*United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). We follow decisions interpreting Rule 414 in cases interpreting Rule 413. *United States v. Sioux*, 362 F.3d 1241, 1244 n.4 (9th Cir. 2004).

Here, the district court found that Bohlman's instant charges and prior

2

conviction both fell within the definition of "sexual assault" for purposes of Rule 413 because both offenses involved contact "without consent." Although Bohlman's prior conviction for sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) did not include lack of consent as an element of the offense, the district court found that the prior conviction was without consent because it involved a minor victim who was fifteen years old at the time of the offense and therefore unable to consent as a matter of law. The court then concluded that the fact of Bohlman's prior conviction was relevant under Rule 401, and that its probative value was not outweighed by any undue prejudice under Rules 402 and 403 because the prior conviction was probative of Bohlman's disposition to commit the instant sexual assault offenses.

Although the district court cited *LeMay* in its analysis, the district court did not engage in a discussion of the *LeMay* factors. Instead, the court focused on whether the admission of Bohlman's prior conviction satisfied the Rule 403 balancing test. The court erred by failing to engage in a fulsome discussion of each of the *LeMay* factors prior to admitting the fact of the prior conviction, including by performing a side-by-side comparison of the two offenses. However, when the entire record is considered in light of the *LeMay* factors, the court's decision to admit the fact of the prior conviction did not constitute an abuse of discretion: both offenses involved an imbalance of power between Bohlman and

3

the victim; the time period between offenses was shorter than in *LeMay*; Bohlman was incarcerated for the majority of the time between the two offenses; and the evidence was necessary to bolster the credibility of the victim given the lack of other evidence corroborating her testimony.[1]  *See LeMay*, 260 F.3d at 1028. Further, unlike *LeMay*, where the district court had permitted the mother of the victims of the prior offense to testify at trial regarding their abuse, the district court here denied the Government's request to introduce the underlying facts of the prior conviction and provided a limiting instruction to the jury regarding its consideration of the fact of Bohlman's prior conviction.

    2.    The district court did not abuse its discretion in denying Bohlman's motion in limine to admit evidence of the victim's subsequent consensual sexual activity with a third party pursuant to Rule 412.  Under Rule 412, in a "criminal proceeding involving alleged sexual misconduct," evidence is not admissible if "offered to prove that a victim engaged in other sexual behavior."  Fed. R. Evid. 412(a).  The district court correctly found that the evidence Bohlman sought to admit was inadmissible under the plain language of Rule 412.  The district court

---

[1] The Government argued in its briefing in the district court that the prior offense was also non-consensual based upon factual circumstances aside from the victim's age.  However, the facts the Government identified were not included in the indictment, the guilty plea agreement, or the judgment, and instead appear to be based on the unsworn statement of the victim, whom Bohlman never had the opportunity to cross-examine.  Therefore, the district court properly declined to consider these facts.

also did not abuse its discretion in finding that excluding evidence of the victim's consensual sexual activity with a third party did not violate Bohlman's constitutional rights under the Confrontation Clause of the Sixth Amendment. *See* Fed. R. Evid. 412(b)(1)(C) (providing an exception for "evidence whose exclusion would violate the defendant's constitutional rights"); *see also Wood v. Alaska*, 957 F.2d 1544, 1549-50 (9th Cir. 1992) (affirming the exclusion of evidence regarding the victim's activity in the adult film industry and holding that exclusion of such evidence under Rule 412 does not violate a defendant's rights under the Confrontation Clause). Although Bohlman was not permitted to introduce evidence of the sexual activity itself, the court permitted the defense to attack the victim's credibility by introducing testimony from the same third party regarding her activities and behavior in the hours after the alleged rape occurred, including evidence that she slept in his car the following night. Therefore, Bohlman was able to cross-examine the victim sufficiently, and the district court did not abuse its discretion in finding no violation of Bohlman's confrontation clause rights. *See Wood*, 957 F.2d at 1550 ("A trial court does not abuse its discretion so long as the jury has sufficient information upon which to assess the credibility of witnesses.") (internal quotation marks and citation omitted).

**AFFIRMED**.